IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ANTHONY PAUL PURDY, | ) | 8:15CV279 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| Defendant. | ) | |

Plaintiff Anthony Purdy ("Plaintiff") filed his Complaint in this matter on July 22, 2015. (Filing No. 1.) Purdy has been given leave to proceed in forma pauperis. (Filing No. 8.) Accordingly, the court now conducts an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff names the State of Nebraska as the defendant in the caption of his Complaint. However, on closer examination of Plaintiff's Complaint, he also alleges claims against his criminal-defense lawyer, Noelle Obermeyer, the Douglas County Correctional Center ("DCCC"), and Sergeant McIllen of the DCCC. He claims Obermeyer has refused to look into his Native American history as a method of defense, she has refused to request a deposition of the alleged victim in his criminal case, and she has refused to expedite his release. Plaintiff claims the DCCC and Sergeant McIllen have denied him access to the law library. In addition, he alleges the State of Nebraska has taken away his parental rights.

For relief, Plaintiff requests that this court place Plaintiff on bond or diversion. He also asks this court to grant an injunction against the State of Nebraska to prevent termination of his parental rights. (Filing No. 1.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

# III. DISCUSSION OF CLAIMS

## A. Noelle Obermeyer

Liberally construing the Complaint, Plaintiff makes claims against the attorney representing him in his state court proceedings, Noelle Obermeyer. (Filing No. 1 at CM/ECF pp. 2, 9.) In order to succeed on a § 1983 claim, a plaintiff must demonstrate that the defendants acted under color of state law. 42 U.S.C. § 1983; *West*, 487 U.S. 42, 49-50 (1988). The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). However, a § 1983 claim may be brought against a private individual if he conspires with a state actor to deprive a person of his constitutional rights. *Id.* Here, Plaintiff does not allege his lawyer is a state actor or that his lawyer conspired with state actors to deprive Plaintiff of his constitutional rights.

To the extent Plaintiff's claims about his lawyer's failure to file Plaintiff's requested motions and briefs are construed as a civil malpractice claim, Plaintiff's claims similarly fail. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 & 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Attorney malpractice does not present a federal question, and Plaintiff does not allege that the parties are diverse.

On the court's own motion, the court will give Plaintiff 30 days in which to file an amended complaint that shows this court has subject-matter jurisdiction over his claims against Noelle Obermeyer.

## B. DCCC and Sergeant McIllen

Plaintiff claims the DCCC and Sergeant McIllen denied his request for access to the law library and told him he needed to file another request to gain access. (Filing No. 1 at CM/ECF p. 9.)

"[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, this right is only violated if the prisoner has suffered an "actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), by way of an official action that hindered his or her pursuit of a "nonfrivolous" or "arguable" underlying legal claim. *Id.* at 353 & 353 n. 3. "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) (citation omitted).

Here, Plaintiff has not alleged any facts suggesting that either the DCCC or McIllen impeded his ability to bring a nonfrivolous legal claim. In other words, he does not allege he was injured or prejudiced by his refused admittance to the law library. Accordingly, Plaintiff has failed to allege a plausible denial-of-access-to-courts claim. However, as indicated above, Plaintiff will have an opportunity to file an amended complaint.

**C.     State of Nebraska**

Finally, Plaintiff names the State of Nebraska as a defendant and requests an injunction to stop the state from "taking [his] parental rights." (Filing No. 1 at CM/ECF p. 2.)

The Eleventh Amendment provides states, and state agencies with immunity from suits brought by citizens of other states and from suits brought by a state's own citizens. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Sovereign immunity deprives federal courts of jurisdiction over lawsuits brought by private citizens against states unless the state has waived its immunity or Congress has abrogated the state's immunity under a valid exercise of Congressional power. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465

4

U.S. 89, 99-100 (1984) (Eleventh Amendment proscribes suit against state absent unequivocal waiver); *Edelman v. Jordan*, 415 U.S. 651 (1974); *see also Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003).

Here, there is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Moreover, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state "is not a 'person' as that term is used in § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Thus, § 1983 does not create a cause of action against the State of Nebraska and Plaintiff's claims against the State must be dismissed.

**D. Requests for Injunctive Relief**

Plaintiff asks this court to place him on bond or diversion. (Filing No. 1 at CM/ECF p. 4.) Plaintiff is currently incarcerated for a pending criminal case. The court does not have the proper jurisdiction to grant the relief sought. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Plaintiff's ongoing criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Plaintiff has alleged no such extraordinary circumstances in his Complaint or supplemental pleading. Thus, Plaintiff is advised that the court will not interfere with, or intervene in, his ongoing criminal proceedings.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against the State of Nebraska are dismissed with prejudice.

2. Plaintiff will have 30 days in which to file an amended complaint in this matter. Failure to file an amended complaint will result in the court dismissing this case without further notice to Plaintiff.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: February 17, 2016: Check for amended complaint.

4. The court will conduct further review of Plaintiff's amended complaint, should he file one, to determine whether summary dismissal of the amended complaint is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

DATED this 20th day of January, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.